FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 JUL 18 PM 2:07

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

SIGNIA ALAGNA, NANCY ALBRIGHT,
CHRIS DAGLIS, NANCY D'AGOSTINO,
ALBERT D'ARCANGELO, REINALDO
FERNANDEZ, NIKI GARVEY, JAMIE M.
HAMMOND, TIMOTHY HARDY,
MARYANNE IANNETTONE,
KEOICHAUN KENDRICK, RACHEL
KRUTH, JOAN KIEFFER MARKOWSKI,
JENNIFER MARZULLO, LISA MORGAN,
KIRSHA SMITH, JOHN SPINGLER, and
CHERYL VATTIMO,

CASE NO.: 6:18CV1154-ORL-41-DCI

   Plaintiffs,

v.

HARTFORD FIRE INSURANCE COMPANY,
a Foreign for Profit Corporation,

   Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, SIGNIA ALAGNA, NANCY ALBRIGHT, CHRIS DAGLIS, NANCY D'AGOSTINO, ALBERT D'ARCANGELO, REINALDO FERNANDEZ, NIKI GARVEY, JAMIE M. HAMMOND, TIMOTHY HARDY, MARYANNE IANNETTONE, KEOICHAUN KENDRICK, RACHEL KRUTH, JOAN KIEFFER MARKOWSKI, JENNIFER MARZULLO, LISA MORGAN, KIRSHA SMITH, JOHN SPINGLER, CHERYL VATTIMO ("Plaintiffs"), by and through their undersigned counsel, and sue Defendant, HARTFORD FIRE INSURANCE COMPANY ("Defendant" or "Hartford"), and in support state as follows.

**Jurisdiction and Venue**

1

1. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a); in that Plaintiffs and Defendant are residents of different states and the amount in controversy exceeds the sum or value of $75,000.00. Venue is proper in this Court since at all times material to Plaintiffs' claims, Defendant has conducted substantial, and continuous, systematic commercial activities in this District, and is the Defendant in the *Andreas-Moses et al. v. Hartford Fire Insurance Co.,* No. 6:17-cv-2019-Orl-37KRS (M.D. Fla. November 22, 2017). The claims contained herein are identical or substantially similar to the Named Plaintiffs claims, currently pending before the Honorable Judge Dalton and in *Andreas-Moses*.

## Parties and Factual Allegations

2. Defendant is a Connecticut corporation with its principal place of business in Hartford, Connecticut, and is a business who, at all relevant times to this instant action, transacted business in the state of Florida, including within the Middle District of Florida, including conducting substantial continuous and systematic commercial activities in this District.

3. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

4. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs, and exercised control over the wages, hours, and working conditions of Plaintiffs.

5. At all relevant times Defendant acted pursuant to, and within the scope of, the relationship alleged above, and knew or should have known about, and authorized, ratified, adopted, approved, controlled, and/or aided and abetted the conduct of Defendant and/or its agents.

6. Plaintiffs are former and current employees of Defendant who process disability claims.

7. During the relevant time period, Defendant misclassified Plaintiffs as exempt "Analysts" from overtime under the New York Labor Law, and as a result, failed to pay Plaintiffs overtime at a rate of one and one-half times their regular rate of pay in violation of the New York Labor Law.

8. While employed by Defendant, Plaintiffs regularly worked hours in excess of forty (40) hours in a single work week, but were not paid overtime at a rate of one and one-half times their regular rate of pay by Defendant

9. During the relevant time period, Defendant failed to provide Plaintiffs with accurate wage statements in violation of the New York Labor Law.

10. Plaintiffs bring this instant action against Defendant to seek redress for Defendant's failure to pay overtime at a rate of one and one-half times their regular rate of pay and failure to provide Plaintiffs with accurate wage statements in violation of the New York Labor Law.

11. Plaintiffs were and/or are employed by Defendant in New York, and reported and/or report to Defendant's Syracuse, New York location. Plaintiffs also reported remotely from New York to other locations of Defendants as well.

12. Plaintiffs were all previous putative class members of the *Andreas-Moses* case. On June 18, 2018 this Court entered an Order in *Andreas-Moses* granting in part and denying in part a class (*Andreas-Moses* Doc 129), resulting in these Plaintiffs being excluded from the *Andreas-Moses* class.

13. Plaintiff, SIGNIA ALAGNA ("Alagna"), an individual *sui juris* residing in N. Syracuse, New York, was employed by Defendant from on or around December 6, 2004, through on or around May 17, 2013, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Alagna held the following position: LTD Claims Analyst III.

14. Plaintiff, NANCY ALBRIGHT ("Albright"), an individual *sui juris* residing in Union, New York, was employed by Defendant from on or around July 2, 2001, through on or around March 30, 2018, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Albright held the following positions: Sr. Claim Ability Analyst, and LTD Claims Analyst IV.

15. Plaintiff, CHRIS DAGLIS ("Daglis"), an individual *sui juris* residing in Syracuse, New York, was employed by Defendant from on or around December 15, 2008, through on or around April 12, 2013, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Daglis held the following positions: LTD Claims Analyst IV, and Sr. Claim Ability Analyst.

16. Plaintiff, NANCY D'AGOSTINO ("D'Agostino"), an individual *sui juris* residing in Liverpool, New York, was employed by Defendant from on or around October 28, 1985, through on or around August 4, 2016, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, D'Agostino held the following positions: LTD Claims Analyst V and Specialty Analyst.

17. Plaintiff, ALBERT D'ARCANGELO ("D'Arcangelo"), an individual *sui juris* currently residing in Portland Oregon[1], was employed by Defendant from on or around June, 2002, through on or around May, 2012, and performed worked for Defendant in the state of New

---

[1] D'Arcangelo lived in Syracuse, New York, while employed by Defendant.

York. While employed by Defendant during the relevant time period, D'Arcangelo held the following position: Quality Assurance Analyst.

18. Plaintiff, REINALDO FERNANDEZ ("Fernandez"), an individual *sui juris* residing in Clay, New York, was employed by Defendant from on or around November 29, 2004 through on or around May 11, 2012, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Fernandez held the following position: LTD Claims Analyst IV.

19. Plaintiff, NIKI GARVEY ("Garvey"), an individual *sui juris* residing in Sylvan Beach, New York, was employed by Defendant from on or around June 18, 2007, through on or around July 4, 2014, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Garvey held the following positions: LTD Claims Analyst IV, LTD Claims Analyst V and Specialty Analyst.

20. Plaintiff, JAMIE M. HAMMOND ("Hammond"), an individual *sui juris* residing in Oswego, New York, was employed by Defendant from on or around December 6, 2004, through on or around May 21, 2015, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Hammond held the following positions: LTD Claims Analyst III, LTD Claims Analyst IV and Sr Claim Ability Analyst.

21. Plaintiff, TIMOTHY HARDY ("Hardy"), an individual *sui juris* residing in Liverpool, New York, was employed by Defendant from on or around March 15, 2004, through on or around October 21, 2015, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Hardy held the following positions: LTD Claims Analyst III, and Sr Claim Ability Analyst.

22. Plaintiff, MARYANNE IANNETTONE ("Iannettone"), an individual *sui juris* residing in Syracuse, New York, was employed by Defendant from on or around February 27, 1998, through on or around August 19, 2011, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Iannettone held the following position: LTD Claims Analyst V.

23. Plaintiff, KEOICHAUN KENDRICK ("Kendrick"), an individual *sui juris* residing in Syracuse, New York, was employed by Defendant from on or around March 9, 2009, through on or around April 2, 2015, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Kendrick held the following positions: LTD Claims Analyst III, and Claim Ability analyst.

24. Plaintiff, RACHEL KRUTH ("Kruth"), an individual *sui juris* residing in Winston/Salem, North Carolina, was employed by Defendant from on or around September 10, 2007, through on or around January 8, 2013, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Kruth held the following positions: LTD Claims Analyst III and LTD Claims Analyst IV.

25. Plaintiff, JOAN KIEFFER MARKOWSKI ("Markowski"), an individual *sui juris* residing in Solzay, New York, was employed by Defendant from on or around 1994, through on or around August, 2011, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Markowski held the following position: Quality Assurance Analyst.

26. Plaintiff, JENNIFER MARZULLO ("Marzullo"), an individual *sui juris* residing in Minoa, New York, was employed by Defendant from on or around August 16, 2010 through on or around January 12, 2012, and performed worked for Defendant in the state of New York.

While employed by Defendant during the relevant time period, Marzullo held the following position: LTD Claims Analyst III.

27. Plaintiff, LISA MORGAN ("Morgan"), an individual *sui juris* residing in Central Square, New York, was employed by Defendant from on or around October 28, 1991, through on or around April 17, 2015, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Morgan held the following positions: STD Claims Analyst III, LTD Claims Analyst III, Sr Claim Ability Analyst.

28. Plaintiff, KIRSHA SMITH ("Smith"), an individual *sui juris* residing in Fayetteville, New York, was employed by Defendant from on or around June 1, 2009, through on or around August 19, 2012, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Smith held the following positions: LTD Claims Analyst III.

29. Plaintiff, JOHN SPINGLER ("Spingler"), an individual *sui juris* residing in Clay, New York, was employed by Defendant from on or around September 10, 2007, through on or around March 25, 2011, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Spingler held the following positions: LTD Claims Analyst III.

30. Plaintiff, CHERYL VATTIMO ("Vattimo"), an individual *sui juris* residing in Baldwinville, New York, was employed by Defendant from on or around June 30, 1997, through on or around September 11, 2015, and performed worked for Defendant in the state of New York. While employed by Defendant during the relevant time period, Vattimo held the following positions: LTD Claims analyst IV and Sr claim Ability Analyst.

31.

32. On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs worked in excess of forty (40) hours per week, but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one and one-half times their regular rate of pay.

33. Defendant controls the hours, salary, assignments, and schedules of Plaintiffs.

34. Defendant's managers, with the knowledge and consent of corporate management, violated the law in New York, in the following respects; failing to pay Plaintiffs overtime compensation for hours worked in excess of forty (40) hours per week, and failing to maintain accurate records of Plaintiffs' time worked.

35. Defendant, as a matter of policy and practice, willfully and intentionally failed to pay Plaintiffs overtime at a rate of one and one-half times their regular rate of pay for any and all hours worked in excess of forty (40) hours in a single work week, in violation of the New York Labor Law and regulations.

36. Plaintiffs have sustained substantial losses from Defendant's failure to pay them overtime compensation.

37. Defendant further failed to provide Plaintiffs with a wage statement in writing that accurately sets forth all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by Plaintiffs in violation of New York Labor Law. The wage statements fail to accurately display the Plaintiffs overtime hours and applicable rates of overtime pay for the pay period.

38. Plaintiffs have retained LYTLE & BARSZCZ to represent them in this matter and have agreed to pay said firm reasonable attorneys' fees for its services.

## COUNT I
### New York Labor Law: Failure to Pay Overtime

39. Plaintiffs repeat and reallege paragraphs 1 through 38 above as if fully set forth herein.

40. Throughout the relevant time period, Plaintiffs were "employees" covered by the New York Labor Law, and Defendant was an "employer" of Plaintiffs as those terms are defined by the New York Labor Law §§ 651(5) and (6), 190(2) and (3), and applicable regulations, 12 NYCRR § 142-2.14.

41. Throughout the relevant time period, Plaintiffs regularly worked hours in excess of forty (40) hours in a single work week.

42. Throughout the relevant time period, Defendant failed to pay Plaintiffs overtime at a rate of one and one-half times their regular rate of pay for any and all hours worked in excess of forty (40) hours in a single work week in violation of the New York Labor Law Article 6, §§ 190, *et seq.*, Article 19 §§ 650, *et seq.*, and 12 NYCRR § 142-2.2.

43. Due to Defendant's violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendant all unpaid overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in a single work week, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to the New York Labor Law Article 6, §§ 190, *et seq.*, Article 19 §§ 650, *et seq.*, and 12 NYCRR § 142-2.2.

## COUNT II
### New York Labor Law: Failure to Provide Accurate Wage Statements

44. Plaintiffs repeat and reallege paragraphs 1 through 38 above as if fully set forth herein.

45. Throughout the relevant time period, Plaintiffs were "employees" covered by the New York Labor Law, and Defendant was an "employer" of Plaintiffs as those terms are defined by the New York Labor Law Article 19 §§ 651(5) and (6), Article 6 §§ 190(2) and (3), and applicable regulations, 12 NYCRR § 142-2.14.

46. New York Labor Law Article 6 § 195(3) requires employers to provide employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employees.

47. Defendant failed to provide Plaintiffs with wage statements that accurately reflected the regular hourly rate or rates of pay, overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

48. As described above, Defendant willfully failed to provide Plaintiffs with accurate wage statements containing all criteria required under the New York Labor Law.

49. Pursuant to New York Labor Law Article 6 §§ 198(1-d), Defendant is liable to Plaintiffs in the amount of $250.00 for each such violation, not to exceed $5,000.00 per Plaintiff.

50. Due to Defendant's violations of failing to provide accurate wage statements, Plaintiffs are entitled to penalties, costs, interest, attorney's fees and other relief pursuant to N. Y. Lab. Law Section 198, Article 6 (2016).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, respectfully pray that this Court enter judgment:

a. Against Defendant in the amount of the Plaintiffs' individual unpaid overtime, statutory damages, actual and compensatory damages, liquidated damages, and pre-judgment and post-judgment interest as allowed by law;

b. Against Defendant an amount to be determined at trial for each violation of New York Labor Law where Defendant failed to provide Plaintiffs an accurate wage statement with each payment of wages;

c. Award Plaintiffs attorneys' fees and costs; and,

d. Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 18th day of July, 2018.

**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**LYTLE & BARSZCZ, P.A.**
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiffs**